UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    Plaintiff,

-against-

JUDITH C. RICHARDSON,

    Defendant,

-and-

NYC OFFICE OF PAYROLL ADMINISTRATION,

    Garnishee.

EX PARTE
NOTICE OF MOTION

Civil Action No.:CV-97-3106

Hon. Allyne R. Ross

PLEASE TAKE NOTICE, that upon the annexed Declaration of Douglas M. Fisher, dated September 1, 2004 and upon the papers and proceedings heretofore had and filed herein, a motion will be made at the United States District Court for the Eastern District of New York, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, for an Order directing Garnishee pay to Plaintiff ten percent (10%) of the Defendant's disposable non-exempt earnings.

Dated: Albany, New York
       September 1, 2004

Douglas M. Fisher (DF3129)
Solomon and Solomon, P.C.
Attorneys for Plaintiff
Office and P.O. Address
Columbia Circle, Box 15019
Albany, New York 12212-5019
Ph. (518) 456-7200

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

*[Handwritten note:]* Garnishee's answer sets forth his earnings and is well over a year old. The procedure is 8 years old. The case is dismissed for failure to prosecute. The Clerk is directed to close the file.

So ordered, 8/12/05
cc: parties
USDJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                **Plaintiff,**

-against-

JUDITH C. RICHARDSON,

                **Defendant,**

-and-

NYC OFFICE OF PAYROLL ADMINISTRATION,

                **Garnishee.**

DECLARATION FOR ORDER OF GARNISHMENT

Civil Action No.: CV-97-3106

DOUGLAS M. FISHER, hereby declares as follows:

1. I am an attorney, duly admitted to practice before the U.S. District Court for the Eastern District of New York and I am associated with Solomon and Solomon, P.C., attorneys for Plaintiff, United States of America.

2. This action was commenced to recover a debt due and owing to Plaintiff, United States of America, in the amount of $2,819.80 with interest from October 15, 1997 at the post-judgment interest rate of 5.490% compounded annually. Defendant has been personally served with the Writ of Garnishment herein as appears from the returns of service heretofore filed with the Clerk of this Court.

3. The time within which the Defendant, may request a hearing or file a claim for exemption with respect to the Writ of Garnishment herein has expired; said Defendant has not requested a hearing or filed a claim for exemption with respect to the Writ of Garnishment and the time for the Defendant to do so has not been extended.

4. Said Defendant, is not an infant nor incompetent. Defendant is not presently in the military service of the United States as appears from facts in a credit report prepared for this litigation.

5. Said Defendant, is indebted to the Plaintiff, United States of America, in the following amount: $2,819.80 with interest from October 15, 1997 at the post-judgment interest rate of 5.490% compounded annually.

6. Defendant is currently employed by NYC Office of Payroll Administration with average gross earnings of $1,113.30 bi-weekly (as more fully appears by the Answer of the Garnishee attached hereto as Exhibit "A"). Therefore, Plaintiff seeks an Order of Garnishment in the present amount of $111.33 bi-weekly or ten percent (10.0%) to be paid bi-weekly.

WHEREFORE, Plaintiff, United States of America, requests that the garnishment of wages/account of Defendant be noted and that Order of Garnishment be entered in favor of Plaintiff and against the Defendant in the amount stated herein.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due and owing to Plaintiff, and that the disbursements sought to be taxed have been made in this action or will necessarily be made or incurred in this action.

Dated: Albany, New York
September 1, 2004

Douglas M. Fisher (DF3129)
Solomon and Solomon, P.C.
Attorneys for Plaintiff
Office and P.O. Address
Columbia Circle, Box 15019
Albany, New York 12212-5019
Ph. (518) 456-7200

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

**SOLOMON
AND
SOLOMON
▇ PC**

▇

▇
▇
▇
▇

▇
▇
▇

▇
▇
▇

August 11, 2004

NYC Office of Payroll Administration
1 Centre Street, Room 200N
New York, New York 10007
Attn: Rosa Alberto

**Re: United States of America v. Judith Richardson
SSN: 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
Civil Action No. CV-97-3106, CIF No. C-49959W**

Dear Ms. Alberto:

I am in receipt of your Answer to Garnishee with regard to the above-referenced matter. You indicate that in the amount of the gross pay "Unknown". Based on your database, it is to our understanding that your employee makes approximately $28,103.00 annually. I would appreciate if you could amend your Answer to reflect the proper annual salary she makes as well as whether she is paid on a bi-weekly, weekly, semi-monthly or monthly basis.

Thank you for your anticipated cooperation in this regard.

Sincerely,

SOLOMON AND SOLOMON, P.C.

Arthur G. Chuang
Supervisor, Legal Administration

Enclosure

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

*[Handwritten:]* Yearly Salary 25,946
I marked bi-weekly payments

▇

DN: POSTJUDG.10

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,                )
        Plaintiff,                              ) CIVIL ACTION NO.  CV 97 3106
        v.                                       )
Judith C. Richardson                     )
        Defendant(s),                           ) HON. Allyne R. Ross
        and                                     )
NY City Office Payroll                   )
Administration                           )
        Garnishee                               )

ANSWER OF THE GARNISHEE

_____ , BEING DULY SWORN DEPOSES AND SAYS:
   (Affiant)

IF GARNISHEE IS AN INDIVIDUAL:

    That he/she is Garnishee herein doing business in the name of

    (State full name and address of business)

IF GARNISHEE IS A PARTNERSHIP:

    That he/she is a member _____ of a partnership composed of which Garnishee is a partner.

IF GARNISHEE IS A CORPORATION:

    That he/she is the (State Official Title) _____ of Garnishee, _____ a corporation, organized under the laws of the State of _____.

On _____, 200\_\_, Garnishee was served with the Writ of Continuing Garnishment. For the pay period in effect on the date of service (shown above)

Yes  No

✗   ___   1.   Defendant was in my/our employ.

2.   Pay period is _____ weekly, ✗ bi-weekly _____ semi-monthly, _____ monthly.

Enter date present pay period began. (Present means the pay period in which this order and notice of garnishment were served)

Enter date above pay period ends.

3.   Enter amount of net wages. Calculate below:

(a) Gross Pay                    $_____
(b) Federal income tax           _____
(c) F.I.C.A. income tax          _____     } unknown
(d) State income tax             _____
Total of tax withholdings        $_____
Net Wages                        $_____
(a less total of b,c,d)

___   ✗   4.   Have there been previous garnishments in effect. If the answer is yes, describe below.

_____

_____

_____

5.   The Garnishee has custody, control or possession of the following property and/or funds (non-earnings), in which the Debtor maintains an interest, as described below:

| Description of Property | Approximate Value | Description of Debtor's Interest in Property |
|---|---|---|
| 1. _____ | _____ | _____ |
| 2. _____ | _____ | _____ |
| 3. _____ | _____ | _____ |
| 4. _____ | _____ | _____ |

{ unknown (rows 1–4)

Garnishee anticipates owing to the judgment debtor in the future, the following amounts:

| Amount | Estimate date or Period Due |
|---|---|
| 1. $_____ | _____ |
| 2. $_____ | _____ |
| 3. $_____ | _____ |
| 4. $_____ | _____ |

{ unknown

(Check the applicable line below if you <u>deny</u> that you hold property subject to this order of garnishment.)

____ The Garnishee makes the following claim of exemption on the part of Defendant:

____ Or has the following objections, defenses, or set-offs to Plaintiff's right to apply Garnishee's indebtedness to Defendant upon Plaintiff's claim.

____ The Garnishee was then in no manner and upon no account indebted or under liability to the Defendant, Judith C. Richardson, and that the Garnishee did not have in his/her possession or control any property belonging to the Defendant, or in which the Garnishee has an interest; and

is in no manner liable as Garnishee in this action.

The Garnishee mailed a copy of this answer by first-class mail to (1) the Debtor, Judith C. Richardson, 25 Lefferts Ave., Apt.4F, Brooklyn, NY 11225, and (2) the attorneys for the United States, Solomon and Solomon, P.C., Five Columbia Circle, Box 15019, Albany, NY 12212-5019.

_Rosa Alberto_
Garnishee

Subscribed and sworn to before me this _3rd_ day of _August_ 200_4_.

_Rosa Alberto_
Notary Public

ROSA M. ALBERTO
Commissioner of Deeds
City of New York No. 3-7097
Certificate Filed in New York County
Commission Expires Mar. 01, 20__

My Commission expires: _3/1/2006_

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                  Plaintiff,

       -against-

Civil Action No.: CV-97-3106

JUDITH C. RICHARDSON,

                  Defendant,
     -and-

NYC OFFICE OF PAYROLL ADMINISTRATION,

                  Garnishee.

## GARNISHEE ORDER

Whereas the Plaintiff by the Declaration of Douglas M. Fisher, Esq. dated September 1, 2004, on file herein, claims that said Defendant is indebted in the amount of $2,819.80, with interest from October 15, 1997 at the post-judgment interest rate of 5.490% compounded annually. A Writ of Garnishment, directed to Garnishee, has been duly issued and served upon the Garnishee. Pursuant to the Writ of Garnishment, the Garnishee filed an Answer, stating that at the time of service of the Writ, he had in his possession or under his control personal property belonging to and due Defendant, and that Garnishee was indebted to Defendant, in the sum of approximately $1,113.30 bi-weekly as a result of the Garnishees' employment of Defendant.

The Defendant, was notified of his/her right to a hearing and has not requested a hearing to determine exempt property.

IT IS ORDERED that Garnishee pay to Plaintiff ten percent (10%) of the Defendant's disposable non-exempt earnings, presently in the sum of approximately $111.33 bi-weekly making payments of said monies as directed by the Plaintiff, to pay to the Plaintiff any and all monies already withheld by Garnishee as required, and to continue said payments until the Defendant's debt to the Plaintiff is paid in full or until the Garnishee no longer has custody,

possession or control of any property belonging or owed to the Defendant, Judith C. Richardson, or until further Order of this Court. Payments are to be made to U.S. Department of Justice, Central Intake Facility, P.O. BOX 198558, Atlanta, Georgia, 30384. The name of the Defendant, Judith C. Richardson and CIF Number C-49959 must be on the check.

SO ORDERED,

Dated: _____, New York
       _____ ___, 2004

                                              _____
                                              Honorable
                                              United States District Court Judge

2